# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br>  vs.<br>JUAN MOLINA-CRUZ,<br><br>                          Defendant. | CASE NO. 10cr4288 WQH<br><br>ORDER |

HAYES, Judge:

      The matter before the Court is the motion in limine to admit field statements of the Defendant filed by the Plaintiff United States of America. ECF No. 21.

## FACTS

      On September 30, 2010, San Diego Sheriff Deputy Fecteau, working gang enforcement in the City of Vista, attempted to stop a catering truck for driving without a brake light. The deputy activated his lights. The driver did not stop immediately, continued to drive for several blocks, and pulled into a driveway known to the deputy to be a catering business. After the truck stopped, the Defendant, a passenger in the truck, exited the truck and began walking away. The deputy ordered the Defendant back into the truck. The deputy contacted the driver, later identified as the Defendant's son. The deputy asked the driver and the Defendant if they had a license. The driver and the Defendant responded that they did not have a license. The deputy did a pat down of the driver and found brass knuckles and a knife. The deputy placed

1  the driver under arrest and put him in the back of his police vehicle.

2  The deputy asked the Defendant in the Spanish language if he had immigration papers. Defendant replied, no. The deputy detained the Defendant in the back seat of his police vehicle. The deputy called border patrol agents reporting an undocumented alien and requested that border patrol agents respond to the scene. Border patrol agents arrived within 30 to 45 minutes. Border Patrol Agent Arias took the Defendant out of the police vehicle and asked him "What country are you a citizen of?" Defendant responded Mexico. The agent asked "Do you have documents?" Defendant replied "yes, LPR card." Record checks determined that Defendant was a Mexican citizen who had been removed from the United States and had not received permission to re-enter.

11  The agents transported the Defendant to the border patrol station. At the border patrol station, agents informed Defendant of his administrative rights. Defendant admitted to the agents that he was a Mexican citizen, that he had been removed from the United States, and had not received permission to re-enter. Agents ran a criminal background check and decided to refer the Defendant for prosecution.

16  Defendant was informed of his *Miranda* rights and chose to remain silent.

17  On October 27, 2010, the grand jury returned an indictment charging the Defendant with being an alien previously removed from the United States found in the United States without permission of the Attorney General in violation of 8 U.S.C. § 1326.

## CONTENTIONS OF THE PARTIES

21  The Government seeks to use the statements made by the Defendant to border patrol agent prior to his transport to the border patrol station to prove an element of the offense charged. The Government asserts that *Miranda* warnings were not required because the detention was a *Terry* stop and not custodial interrogation. The Government contends that the border patrol agents had reasonable suspicion of criminal activity and questioned the Defendant for the purpose of establishing probable cause for an immigration violation.

27  Defendant contends that *Miranda* warnings were required prior to questioning designed to elicit incriminating responses by the border patrol agents. Defendant contends that he was

in custody and that the border patrol agents had probable cause to arrest him prior to the questioning designed to elicit incriminating responses.

## APPLICABLE LAW

In *Berkemer v. McCarty*, 468 U.S. 420 (1984), the United States Supreme Court stated:

> Under the Fourth Amendment, we have held, a policeman who lacks probable cause but whose observations lead him to reasonably suspect that a particular person has committed, is committing, or is about to commit a crime, may detain that person briefly in order to investigate the circumstances that provoke suspicion. ... Typically this means the officer may ask the detainee a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions. But the detainee is not obligated to respond. And, unless the detainee's answers provide the officer with probable cause to arrest him, he must then be released.

468 U.S. at 439-440 (quotations and citations omitted). "If, however, the individual is asked questions going 'beyond a brief *Terry*-type inquiry,' the individual is entitled to *Miranda* warnings." *United States v. Davis*, 530 F.3d 1069, 1081 (9th Cir. 2008) quoting *United States v. Kim*, 292 F.3d 969, 976 (9th Cir. 2002).

## CONCLUSION

In this case, the Defendant was initially questioned about his immigration status and detained by the deputy. The deputy called border patrol agents reporting that the Defendant was undocumented. Defendant was detained for more than an hour. The questions subsequently asked by the border patrol agents were designed to elicit an incriminating response and the Government seeks to use the Defendant's responses to prove the charges of being a deported alien found in the United States. Under the facts of this case, the Court concludes that *Miranda* warnings were required prior to questioning by the border patrol agents designed to elicit an incriminating response. *See also United States v. Gonzales-Sandoval*, 894 F.2d 1043, 1046 (9th Cir. 1990), (*Miranda* warnings are required prior to questioning where border patrol agents "had reason to suspect that [the defendant] was in this country illegally and the questions he posed were reasonably likely to elicit responses which would substantiate the charge that [the defendant] had violated 8 U.S.C. § 1326.") and *United States v. Troise*, 796 F.3d 310, 314 (9th Cir. 1986) (*Miranda* warnings were required "[o]nce Customs agents have probable cause to believe that the person they are questioning committed

1  an offense, and that person reasonably believes that he is not free to leave.").

2      IT IS HEREBY ORDERED that the motion in limine to admit field statements of the
3  Defendant filed by the Plaintiff United States of America ECF No. 21-1 is denied.
4  DATED: May 16, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge